IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROGER DALE GODWIN,

        Petitioner,                         OPINION AND ORDER

v.                                                    15-cv-202-wmc

WARDEN TERRY O'BRIEN, *et al.*,

        Respondents.

---

Roger Dale Godwin is presently incarcerated by the Bureau of Prisons at a United States Penitentiary in West Virginia as the result of his conviction in *United States v. Godwin*, No. 13-cr-51-rtr (W.D. Wis.). Godwin has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief from his sentence of imprisonment, among other things. He has neither paid the filing fee nor requested leave to proceed *in forma pauperis*. Even assuming that he is indigent, his request for leave to proceed as a pauper must be denied and the petition dismissed for reasons set forth briefly below.

Federal courts have jurisdiction to issue writs of habeas corpus under § 2241 only where the petitioner is "in custody in violation of the constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). To proceed under § 2241, a prisoner must name his custodian (typically, the warden) as respondent and file the petition in a district court that has jurisdiction over his custodian. *See Samirah v. O'Connell*, 335 F.3d 545, 551 (7th Cir. 2003). Thus, the Seventh Circuit has emphasized that a collateral attack brought under § 2241 must be litigated where the prisoner is located. *See Al-Marri v. Rumsfeld*, 360 F.3d 707, 709-10 (7th Cir. 2004). In other words, "the only court with jurisdiction [over a

§ 2241 petition] would be the federal district court where the movant is imprisoned." *United States v. Mittlesteadt*, 790 F.2d 39, 40 (7th Cir. 1986). Because Godwin is not in custody within the Western District of Wisconsin, this court lacks jurisdiction to consider his petition.

The court notes that Godwin also includes allegations concerning the conditions of his confinement at USP-Hazelton. These allegations will not likely be considered in the same lawsuit because they are actionable, if at all, in a civil rights action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and not in a habeas petition. *See Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005) (observing that a federal prisoner's challenge to the conditions of his confinement is actionable under *Bivens*, but may not be raised in a habeas corpus petition). More importantly for present purposes, because the underlying claims arose in West Virginia, the Western District is once again not the proper forum. *See* 28 U.S.C. § 1391(b).

ORDER

IT IS ORDERED that Roger Dale Godwin's request for leave to proceed *in forma pauperis* is DENIED and his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED without prejudice for lack of jurisdiction.

Entered this 2nd day of April, 2015.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge

2